# Goldsmith, Appellant, v. Arch Building & Loan Association.

*Evidence—Tax receipts—Official record—Clerks—Claims for goods taken in execution.*

Upon an issue to determine whether a stock of store goods levied on by the sheriff was the property of the defendant in the execution or of his wife, the plaintiff in the issue, in whose name the business was conducted, plaintiff in support of her claim of ownership offered in evidence receipts in her name for the payment of mercantile taxes for 1913. It, however, appeared on the cross examination of her husband that the original receipts for taxes for that year had been issued to him and that he had caused the change of name to be made a few days before the trial. His explanation of the change of name was that a mistake had been made. He was unable to say in whose name receipts for prior years had been issued and the plaintiff failed to produce the receipts on call. For the purpose of discrediting the plaintiff and her husband and rebutting an inference in her favor that would arise from her payment of taxes the defendant called a clerk employed in the office of the city treasurer who was allowed to testify, under objection, that the books of the office, kept by another clerk with whose handwriting he was familiar showed that the receipts for the taxes for 1912 were issued to the plaintiff's husband. On the cross examination of this witness the plaintiff extended the scope of inquiry and developed the fact that the receipts for a number of years prior to 1912 were not issued to the plaintiff but to her husband. *Held*, that there was no error in the admission of this testimony.

Argued January 15, 1914. Appeal, No. 321, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1912, No. 904, upon verdict for defendant in feigned issue in case of Jennie Goldsmith v. Arch Building and Loan Association. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Feigned issue between the claimant of certain goods levied upon under a fi. fa. as plaintiff and the plaintiff

in the execution as defendant.  Before HEYDT, P. J.,
specially presiding.

The opinion of the Supreme Court states the case.

The jury returned a verdict for the defendant in the
feigned issue and found the value of the goods to be
$5,000.

Claimant moved for a new trial, which was refused
and judgment was entered on the verdict.

*Errors assigned* were certain rulings upon evidence.

*Bertram D. Rearick,* with him *Bernard A. Illoway,*
for appellant.

*Owen J. Roberts,* of *Roberts, Montgomery & McKee-
han,* for appellee.

PER CURIAM, February 9, 1914:

The issue in this case was to determine whether a
stock of store goods levied on by the sheriff was the
property of the defendant in the execution or of his
wife, the claimant and plaintiff in the issue, in whose
name the business was conducted.  The questions of fact
were submitted to the jury with full and accurate in-
structions and the assignments of error give rise to but
one subject that need be considered.

The plaintiff in support of her claim of ownership,
offered in evidence receipts in her name for the payment
of mercantile taxes for 1913.  It however appeared on
the cross examination of her husband that the original
receipts for taxes for that year had been issued to him
and that he had caused the change of name to be made
a few days before the trial.  His explanation of the
change of name was that a mistake had been made.  He
was unable to say in whose name receipts for prior years
had been issued and the plaintiff failed to produce the
receipts on call.  For the purpose of discrediting the
plaintiff and her husband and rebutting an inference in

her favor that would arise from her payment of taxes the defendant called a clerk employed in the office of the city treasurer who was allowed to testify, under objection, that the books of the office, kept by another clerk with whose handwriting he was familiar showed that the receipts for the taxes for 1912 were issued to the plaintiff's husband. On the cross examination of this witness the plaintiff extended the scope of inquiry and developed the fact that the receipts for a number of years prior to 1912 were not issued to the plaintiff but to her husband.

The records of the treasurer's office were not evidence of title, Philadelphia v. Gowen, 202 Pa. 453, and they were not put in evidence by the defendant. The matter of the payment of taxes was brought into the case by the plaintiff. Its only legitimate purpose was as proof of a course of conduct which threw light on the plaintiff's relation to a business she claimed to have owned twelve years. It was competent for the defendant to show that her testimony was incorrect and there was no error in the manner in which this was done that requires a reversal of the judgment.

The judgment is affirmed.